Shalini Dogra, State Bar No. 309024
DOGRA LAW GROUP PC
2219 Main Street, Unit 239
Santa Monica, CA 90405
Tel: (747) 234-6673
Fax: (310) 868-0170
Email: *shalini@dogralawgroup.com*
*Attorneys for Named Plaintiff BRIENNE SMITH and Proposed Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIENNE SMITH, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>AJE WHOLESALE; AJE WHOLESALE US; AJE IPCO PTY LTD.; and DOES 1 through 50, Inclusive,<br><br>Defendants. | **Case No:**<br><br>**PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff BRIENNE SMITH, by and through her attorneys, brings this action on behalf of herself and all other similarly situated against Aje IPCO Pty Ltd., Aje Wholesale and Aje Wholesale US (collectively hereinafter "Defendant Aje") and Does 1 through 50, inclusive. Plaintiff hereby alleges, on information and belief, except as those allegations which pertain to the named Plaintiff, which allegations are based on personal knowledge, as follows:

## NATURE OF THE ACTION

1.     This is a consumer class action that arises out of Defendant Aje's deceptive advertising and marketing of its clothing ("the Product"). Through its uniform advertising claims, Defendant Aje falsely markets the Product's refund policy. Further, Defendant Aje's refund policies directly contravene California's statutes regarding refunds. *See* California Civil Code Section 1723 (unlawful refund policies).

2.     At all relevant times, Defendant Aje advertised and marketed, the Product to consumers and profited from the Product throughout California and the United States based on the

misrepresentations about the Product's purported price, refund policy benefits. Furthermore, Defendant Aje owns, manufactures, controls and oversees the sales and distribution of the Product.

3.    Based on the fact that Defendant Aje's advertising misled Plaintiff and all others like her, Plaintiff brings this class action against Defendant Aje to seek reimbursement of the monetary damages she and the Class Members incurred due to Defendant Aje's false and deceptive representations about the benefits and value of the Product. Plaintiff seeks relief in this action individually and on behalf of all persons statewide in California who bought a unit of the Product from Defendant Aje's for common law fraud, intentional misrepresentation, and negligent misrepresentation. Additionally, Plaintiff seeks relief in this action individually and on behalf of all purchasers of the Product in California for violation of the California Bus. & Prof. Code §§17200, *et seq*., as well as California's Unfair Competition Law ("UCL") and the California Legal Remedies Act ("CLRA"), California Civ. Code §§1750, *et seq*. Additionally, Plaintiff seeks redress for Defendant's Charter's unjust enrichment.

<b><u>JURISDICTION AND VENUE</u></b>

4.    Plaintiff brings this action pursuant to Cal. Civil Proc. Code § 382 and Cal. Civ. Code § 1781. This Court has subject matter jurisdiction pursuant to the California Constitution, Article XI, § 10 and California Code of Civil Procedure § 410.10, because Defendant Aje transacted business and committed the acts alleged in California. The Named Plaintiff and Class Members are citizens and residents of the State of California.

5.    This Court has original subject matter jurisdiction over this proposed class action pursuant to the Class Action Fairness Act of 2005, under 28 U.S.C. § 1332(d). Because Plaintiff is a citizen of California and Aje is foreign corporation, at least one member of the plaintiff class is a citizen of a State different from Defendants. Further, Plaintiff alleges the matter in controversy is in excess of $5,000,000 in the aggregate, exclusive of interest and costs. Finally, Plaintiff alleges "the number of members of all proposed plaintiff classes in the aggregate" is greater than 100. *See* 28 U.S.C. § 1332(d)(5)(B).

6.    The Court has personal jurisdiction over Defendants as a result of Defendants' substantial, continuous, and systematic contacts with California, and because Defendants have

purposely availed themselves of the benefits and privileges of conducting business activities within California. Plaintiff's claims arise out of Defendants' conduct within California, including Defendants' sale of the Product to Plaintiff in California.

7.    Venue lies in this Court because Defendants distributed, advertised, and sold the Product to Plaintiff in Alameda County.

## PARTIES

8.    Plaintiff Brienne Smith is a resident of California and Alameda County.

9.    Defendant Aje is an Australian corporation, with offices at least two offices located in the city of Sydney, in the Australian state of New South Wales. Additionally, Defendant Aje maintains various director and corporate head offices throughout Sydney. Defendant Aje owns, controls, oversees, manages, mass markets, and distributes the Product throughout California and the United States.

10.    Plaintiff is informed and believes, and based thereon alleges, that at all times relevant hereto each of these individuals and/or entities was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego, or other representative of each of the remaining Defendants and was acting in such capacity in doing the things herein complained of and alleged. The true names and capacities of Defendants sued herein under California Code of Civil Procedure § 474 and Does 1 through 50, inclusive, are presently unknown to Plaintiff, who therefore sues these Defendants by fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Each of the Doe Defendants is responsible in some manner for the conduct alleged herein.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

11.    Defendant Aje specializes in producing, distributing and selling clothing throughout the world, including the United States. California residents can buy units of the Product directly from Defendant Aje's website, as well as brick-and-mortar retail stores that sell clothing. When individuals purchase the Product from Defendant Aje's website, Defendant Aje purposely fails to disclose that the corporation will automatically deduct a restocking fee from any issued refund. Consequently, despite marketing their policies as being "full refund" terms, Aje's refund policy

does not in reality provide a full refund. Such bait and switch pricing tactics unequivocally violate the CLRA, as well as several other California and federal consumer statutes. Similarly, Aje's deceptive refund policies and misleading marketing strategies constitute violations of California consumer laws, including the State's Unfair Competition Law ("UCL") and California's refund-related regulations. Furthermore, Aje's conduct violates California civil code 1671(d), which prohibits unconscionable liquidated damages contractual provisions.

12. Overall, Defendant Aje is reaping substantial ill-gotten profits at the expense of consumers. Similarly, Defendant Aje, has made, and continue to make, false, deceptive, and misleading claims and promises to consumers about the characteristics quality and advantages of the Product in a pervasive, statewide, and nationwide marketing scheme that falsely touts the benefits of Defendant Aje's clothing and pricing. Defendant Aje's clothing and the Product do not live up to the advertising claims made by Defendant Aje. Accordingly, Defendant Aje's actions violate sections 1770(a)(1), (a)(2), (a)(3),(a)(5), (a)(7), (a)(9), and (a)(16) of the CLRA. As a direct and proximate result of Defendant Aje's violations of the CLRA, Plaintiff and members of the Class purchased units of the Product that they otherwise would not have purchased and are therefore entitled to restitution of monies in an amount to be determined at trial.

13. Plaintiff is a consumer as defined under the CLRA. She bought units of the Product from Defendant Aje's website in or about October 2022. After receiving her units of the Product,

14. Plaintiff requested a refund within Aje's mandated timeframes. The items that Plaintiff sought to return were all unused and she made her request for a refund within Aje's requirements Yet, Defendant Aje outrightly refused to issue a full refund. Instead, it deducted a $30.00 restocking fee per item. Plaintiff could not have known about this restocking fee because Aje only informed her about *after* she had made her purchase and attempted to return the unused items.

15. Plaintiff reasonably relied on Defendant Aje's advertising of the Product. Plaintiff relied on Defendant Aje's advertising and advertising scheme for the Product, without knowledge of the fact that Defendant Aje was lying about the Product's price, refund policy and purported benefits. Defendant Aje knows or has reason to know that consumers like Plaintiff would find the

4

challenged attribute important in their decision to retain the Product. Plaintiff would not have relied upon or bought units of the Product from Defendant Aje if she had known that the advertising as described herein was false, misleading and deceptive. All members of the putative class were exposed to Defendant Aje's deceptive marketing of the Product. Defendant Aje's false and misleading statements and omissions tricked Plaintiff and the putative Class and subjected them all the numerous legal and monetary injuries.

16.    The malicious actions taken by Defendant Aje caused significant harm to consumers. Plaintiff and similarly situated class members paid monies for clothing they did not receive because they were reasonably misled by Defendant Aje's misrepresentations about the Product, including the Product's true cost and refund policy. Had Plaintiff and other class members known that the Product actually failed to provide its advertised benefits, they would not have bought it or would have paid less for the Product. As a result, Plaintiff and similar situated class members have been deceived and suffered economic injury. Plaintiff was economically harmed by Defendant Aje's deceptive marketing and misleading advertising about the Product's quality and value.

17.    Moreover, Defendants continue to engage in their deceptive practices and are still furthering a misleading marketing scheme for the Product. Hence, the putative class continues to enter into transactions and expend money in reliance upon the uniformly false and misleading claims of the Product, as well as other advertising of the Product. Plaintiff would like to buy units of the Product again, but will be unable to rely on the Product's advertising or labelling without an injunction. Additionally, Plaintiff might purchase a unit of the Product again if she believed the Product had been improved, especially with regards to the pricing and marketed refund policy scheme.

## CLASS ACTION ALLEGATIONS

18.    Plaintiff brings this class action on behalf of herself individually and all others similarly situated, pursuant to  Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), California Code of Civil Procedure § 382, Cal. Civ. Code § 1781 and the Cal. Bus. & Prof. Code § 17203. The proposed class consists of all consumers who obtained the Product in the California for personal use and not for resale during the time period of July 27, 2019, through the present. Excluded from the

5

class are Defendant Aje, its affiliates, employees, officers and directors, any individual who received remuneration from Defendant Aje in connection with that individual's use or endorsement of the Product, the Judge(s) assigned to this case, and the attorneys of record in this case. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that the Class should be expanded or otherwise modified.

19.     Class certification is proper because Defendant Aje acted (or refused to act) on grounds generally applicable to the Injunctive Relief Class thereby making appropriate injunctive relief for the entire Injunctive Relief Class.  Plaintiff reserves the right to modify the definition of the Injunctive Relief Class after further discovery, and further reserve the right to only seek class certification for injunctive relief and not to seek class certification for monetary damages.

20.     This action is properly brought as a class action for the following reasons:

(a) The members in the proposed class, which contains no less than one thousand members and based on good information and belief is comprised of several thousands of individuals, are so numerous that individual joinder of all members is impracticable and disposition of the class members' claims in a single class action will provide substantial benefits to the parties and Court, and is in the best interests of the parties and judicial economy.;

(b) The disposition of Plaintiff's and proposed class members' claims in a class action will provide substantial benefits to the parties and the Court;

(c) Plaintiff's claims are typical of the claims of the members of the proposed class. Plaintiff and all class members have been injured by the same wrongful practices of Defendant Aje. Plaintiff's claims arise from the same practices and conduct that gives rise to the claims of all class members and are based on the same legal theories;

(d) Plaintiff will fairly and adequately protect the interests of the proposed class in that they have no interests antagonistic to those of the other proposed class members, and Plaintiff has retained attorneys experienced in consumer class actions and complex litigation as counsel;

(e) The proposed class is an ascertainable and there is a well-defined community of interest in the questions of law or fact alleged herein since the rights of each proposed class member

6

were infringed or violated in the same fashion;

(f) Questions of law and fact common to the class predominate over any questions affecting only individual class members. There are questions of law and fact common to the proposed class which predominate over any questions that may affect particular class members. Such questions of law and fact common to Plaintiff and the class include, without limitation:

    i. Whether Class Members suffered an ascertainable loss as a result of Defendant Aje's misrepresentations;

    ii. Whether, as a result of Defendant Aje's misconduct alleged herein, Plaintiff and the Class Members are entitled to restitution, injunctive relief, and or/monetary relief, and if so, the amount and nature of such relief;

    iii. Whether Defendant Aje made any statement it knew or should have known was false or misleading;

    iv. Whether the utility of Defendant Aje's practices, if any, outweighed the gravity of the harm to its victims;

    v. Whether Defendant Aje's conduct violated public policy, included as declared by specific constitutional, statutory or regulatory provisions;

    vi. Whether Defendant Aje's conduct violated the UCL;

    vii. Whether Defendant Aje's conduct violated the CLRA;

(g) Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims, respectively, is impracticable. Requiring each individual class member to file an individual lawsuit would unreasonably consume the amounts that may be recovered. Even if every Class Member could afford individual litigation, the adjudication of tens of thousands of claims would be unduly burdensome to the courts. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast the

conduct of this action as a class action, with respect to some or all of the issues presented herein, presents no management difficulties, conserves the resources of the parties and of the court system, and protects the rights of the Class Members. Plaintiff anticipates no difficulty in the management of this action as a class action. The prosecution of separate actions by individual Class Members may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class Members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

(h) Defendant Aje has or has access to, address information for the Class Members, which may be used for the purpose of providing notice of the pendency of this class action. Defendant Aje is an especially bolstered position to access Class Members' contact information because all affected individuals had to and must provide their names, sensitive billing details and contact information to Defendant Aje before they can obtain the Product.

(i) Plaintiff seeks damages and equitable relief on behalf of the proposed class on grounds generally applicable to the entire proposed class.

## **FRCP 9(b) ALLEGATIONS**

21.    Although Aje is in the best position to know what content it placed on its packaging, labeling, websites(s) and other marketing and advertising during the relevant timeframe, to the extent necessary, Plaintiff satisfies the requirements of Rule 9(b) by alleging the following facts with particularity:

22.    **WHO**: Aje made the misrepresentations about the Product's refund policy throughout the advertising, packaging, labeling and marketing scheme it perpetuated for the Product.

23.    **WHAT**: Aje's conduct here was and continues to be, deceptive and fraudulent because of its misrepresentations and fraudulent omissions about the Product's refund policy. Thus, Aje's conduct deceived Plaintiff and Class Members into believing that the Product was manufactured and sold with represented policies and benefits. Aje's knew, or should have known, the information about the Product's benefits is material to reasonable consumers, including Plaintiff and Class Members in making their purchasing decisions, yet it continues to pervasively market the

8

Product as possessing qualities it does not have and fraudulently omitting the truth about the Product's refund policy.

24.    **WHEN**: Aje's made material misrepresentations, false statements and/or material omissions during the putative class periods and at the time Plaintiff and Class Members bought the Product, prior to and the time Plaintiff and Class Members made claims after realizing the Product lacked its marketed refund policy and continuously throughout the applicable class periods.

25.    **WHERE**: Aje's marketing message was uniform and pervasive, carried through false statements, misrepresentations and/or omissions on the Product's packaging, labeling, and in its marketing and advertising.

26.    **HOW**: Aje's made false statements, misrepresentations and/or material omissions regarding the Product's refund policy and benefits.

27.    **WHY**: Aje's made the false statements, misrepresentations and/or material omissions detailed herein for the express purpose of inducing Plaintiff, Class Members and all reasonable consumers to purchase and/or pay for the Product over other clothing, the effect of which was that Aje profited by selling the Product to many thousands of consumers.

28.    **INJURY**: Plaintiff and Class Members purchased, paid a premium or otherwise paid more for the Product when they otherwise would not have, absent Aje misrepresentations, false and misleading statements and material omissions.

## FIRST CAUSE OF ACTION

### Common Law Fraud

29.    Plaintiff and the Class re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein. Plaintiff brings this class individually and on behalf of the members of her proposed Class.

30.    As discussed above, Defendant Aje provided Plaintiff and the Class Members with false or misleading material information and failed to disclose material facts about the Product, including but not limited to the fact that the Product failed to provide its advertised price or benefits, or its marketed refund and return policy. These misrepresentations and omissions were made with knowledge of their falsehood. The misrepresentation and omissions made by Defendant Aje, upon

which Plaintiff and the Class Members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class Members to pay for the Product. The fraudulent actions of Defendant Aje caused damage to Plaintiff and Class Members, who are entitled to damages and other legal and equitable relief as a result.

## SECOND CAUSE OF ACTION

### Intentional Misrepresentation

31.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

32.    Defendant Aje represented to Plaintiff and other class members that important facts were true. More specifically, Defendant Aje represented to Plaintiff and the other class members through its advertising for the Product, that the Product provided benefits which it actually did not. Defendant Aje's representations were false. Defendant Aje knew that the misrepresentations were false when it made them, or Defendant Aje made the misrepresentations recklessly and without regard for their truth. Defendant Aje intended that Plaintiff and other class members rely on the representations.

33.    Plaintiff and the other class members reasonably relied on Defendant Aje's representations. Plaintiff and the other class members were financially harmed and suffered other damages. Defendant Aje's misrepresentations and/or nondisclosures were the immediate cause of Plaintiff and the other class members purchasing the Product. Plaintiff's and the other class members' reliance on Defendant Aje's representations was the immediate cause of the financial loss and legal injuries. In absence of the Defendant Aje's misrepresentations and/or nondisclosures, as described above, Plaintiff the other class members, in all reasonable probability, paid monies and provided confidential information to Defendant Aje that otherwise would not have provided.

## THIRD CAUSE OF ACTION

### Negligent Misrepresentation

34.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein. Plaintiff brings this claim individually and on behalf of the proposed Class against Defendant Aje.

35.    As discussed above, Defendant Aje represented the Product provided a certain value and quantified benefit.  Yet, Defendant Aje failed to disclose that the Product did not in fact possess its advertised value, refund and return policy or its marketed benefits.  Defendant Aje had a duty to disclose this information.

36.    At the time Defendant Aje made these misrepresentations, Defendant Aje knew or should have known that these misrepresentations were false or made them without knowledge of their truth or veracity. At an absolute minimum, Defendant Aje negligently misrepresented or negligently omitted material facts about the Product.

37.    The negligent misrepresentations and omissions made by Defendant Aje, upon which Plaintiff and Class Members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class Members to pay monies to Defendant Aje that they otherwise would not have paid, as well as purchase clothing that they otherwise would not have. The negligent actions of Defendant Aje caused damage to Plaintiff and Class Members, who are entitled to damages and other legal and equitable relief as a result.

## FOURTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§17500, *et. seq*

38.    Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein. Plaintiff brings this claim individually and on behalf of the proposed Class against Defendants.

39.    Defendants engaged in unfair and deceptive acts and practices, in violation of California Business and Professional Code §§17500 *et seq.,* by marketing and/or selling the Product without disclosure of the material fact that the Product did not actually provide its advertised benefits.. These acts and practices, as described above, have deceived Plaintiff and other class members, causing them to lose money as herein alleged and have deceived and are likely to deceive the consuming public, in violation of those sections. Accordingly, Defendants' business acts and practices, as alleged herein, have caused injury to Plaintiff and the other class members.

40.    Defendants had a duty to disclose that the Product failed to actually provide its advertised benefits. Defendants had a duty to disclose this information because this information was

11

material facts of which Defendants had exclusive knowledge; Defendants actively concealed these material facts; and Defendants made partial representations about the Product but suppressed some material facts.

41.    Defendants' misrepresentations and/or nondisclosure of the fact that the Product lacked the advertised benefits, cost and refund policy was the immediate cause of Plaintiff and the other class members purchasing the Product from Defendants.

42.    In the absence of Defendants' misrepresentations and/or nondisclosure of facts, as described above, Plaintiff and other class members would not have purchased the Product or would have paid substantially less for the Product.

43.    Plaintiff and other class members are entitled to relief, including full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits which may have been obtained by Defendants as a result of such business acts or practices, and enjoying Defendants to cease and desist from engaging in the practices described herein.

## FIFTH CAUSE OF ACTION

### Violation of Business & Professions Code § 17200, *et seq*.

44.    Plaintiff and the Class re-allege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

45.    California Business & Professions Code § 17200 *et seq.,* also known as the California Unfair Competition Law ("UCL"), prohibits acts of "unfair competition," including any unlawful, unfair, fraudulent, or deceptive business act or practice as well as "unfair, deceptive, untrue or misleading advertising."

46.    Defendant Aje's failure to disclose the truth about the Product's identity, value and benefits is likely to deceive a reasonable consumer and therefore constitutes a fraudulent or deceptive business practice.

47.    Defendant Aje sale of the Product without disclosing the truth about the Product's true value and benefits offends established public policy and constitutes an unfair business practice. This injury is not outweighed by any countervailing benefits to consumers or competition.

48.     Defendant Aje's conduct is unlawful in that it violated numerous statutes, including Cal. Civ. Code §§ 1770(a); Cal. Civ. Code §§ 1709-1710; and Cal. Civ. Code §§ 1572-1573, as well as constituted common law fraud. Defendant Aje further violated Cal. Bus. & Prof. Code § 17200's prohibition against engaging in "unlawful" business acts or practices by, *inter alia*, failing to comply with California Civil Code § 1750, *et. seq.*

49.     Plaintiff and Class members have suffered injury in fact and have lost money and/or property as a result of Defendant Aje's fraudulent, unfair and/or unlawful business practices, in that as a result of Defendant Aje's violations of the UCL, Plaintiff and the class provided paid for clothing that they would have bought or paid more than they would have if Defendant Aje had not violated the UCL.

50.     Plaintiff and the Class reserve the right to allege other violations of law which constitute other unlawful business acts and practices. Such conduct is ongoing and continues to this date.

51.     Pursuant to Business and Professions Code §§ 17203 and 17535, Plaintiff and the Class seek an order of this Court enjoining Defendant Aje from continuing to engage, use, or employ their practice of advertising and marketing the Product in an untruthful manner. Likewise, Plaintiff and the Class seek an order requiring Defendant Aje to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendant Aje by means of responsibility attached to Defendant Aje's failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial. Plaintiff and the Class Members also seek full restitution of all monies paid to Defendant Aje as a result of their deceptive practices, interest at the highest rate allowable by law and the payment of Plaintiff's attorneys' fees and costs pursuant to, *inter alia*, California Civil Code Procedure §1021.5. Plaintiff reserves the right to seek additional preliminary or permanent injunctive relief.

## SIXTH CAUSE OF ACTION

### Violation of Cal. Civ. Code §§1750, *et seq.*

52.     Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

13

53.     This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq*. ("CLRA"). The CLRA prohibits any unfair, deceptive, and/or unlawful practices, as well as unconscionable commercial practices in connection with the sales of any goods or services to consumers. *See* Cal. Civ. Code §1770. The CLRA "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient economical procedures to secure such protection." Cal. Civ. Code § 1760.

54.     Defendant Aje is a "person" under the CLRA. Cal. Civ. Code §1761 (c).

55.     Plaintiff and the putative Class Members are "consumers" under the CLRA. Cal. Civ. Code §1761 (d).

56.     The Product constitutes a "good" under the CLRA. Cal. Civ. Code §1761 (a).

57.     Plaintiff and the putative Class Members' payment and purchases of the Product within the Class Period constitute "transactions'" under the CLRA. Cal. Civ. Code §1761 (e).Defendant Aje's actions and conduct described herein reflect transactions that have resulted in the sale and/or intended sale of services to consumers.

58.     Defendant Aje's failure to market the Product in accordance with California advertising and marketing requirements constitute an unfair, deceptive, unlawful and unconscionable commercial practice. Defendant Aje's actions have violated at least seven provisions of the CLRA, including §§ 1770(a)(1) through (a)(3),1770(a)(5), 1770(a)(7), 1770(a)(9) and 1770(a)(16).

59.     As a result of Defendant Aje's violations, Plaintiff and the Class suffered, and continue to suffer, ascertainable losses they would not have incurred had the Product been marketed correctly, or in the form of the reduced value of the Product relative to the Product as advertised and the retail price they paid.

60.     Pursuant to § 1782 of the CLRA on approximately July 27, 2023, Plaintiff notified Defendant Aje in writing of the particular violations of § 1770 of the CLRA, and demanded Defendant Aje rectify the actions described above by providing monetary relief, agreeing to be bound by its legal obligations, and to give notice to all affected consumers of its intent to do so.

Defendant Aje has failed to rectify or agree to rectify at least some of the violations associated with actions detailed above and give notice to all affected consumers within 30 days of receipt of the Cal. Civ. Code § 1782 notice. Thus, Plaintiff seeks actual damages and punitive damages for violation of the Act.

61. In addition, pursuant to Cal. Civ. Code §1780(a)(2), Plaintiff is entitled to, and therefore seeks, a Court order enjoining the above-described wrongful acts and practices that violate Cal. Civ. Code §1770. Plaintiff and Class Members are also entitled to recover attorneys' fees, costs, expenses, disbursements, and punitive damages pursuant to Cal. Civ. Code §§ 1780 and 1781.

## SEVENTH CAUSE OF ACTION

### Unjust Enrichment

62. Plaintiff re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein. Plaintiff brings this claim individually and on behalf of the proposed Class against Defendants.

63. Plaintiff and Class Members conferred benefit on Defendants by purchasing the Product. Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff's and Class Members' purchases of the Product. Retention of those moneys under these circumstances is unjust and inequitable because the Product is not in fact being provided and resulted in purchasers being denied the full benefit of their purchase because they did not receive clothing that proffered the marketed price, quality or refund policy, despite paying for it.

64. Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiff and Class Members is unjust and inequitable, Defendants must pay restitution to Plaintiff and Class Members for their unjust enrichment, as ordered by the Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the Class defined herein, pray for judgment and relief on all Causes of Action as follows:

A. This action be certified and maintained as a class action and certify the proposed class as defined, appointing Plaintiff as representative of the Class, and appointing the attorneys and law firms representing Plaintiff as counsel for the Class;

15

B.    For an order declaring the Defendant Aje's conduct violates the statutes referenced herein;

C.    That the Court awards compensatory, statutory and/or punitive damages as to all Causes of Action where such relief is permitted;

D.    That the Court awards Plaintiff and proposed class members the costs of this action, including reasonable attorneys' fees and expenses, including attorneys' fees awarded as costs pursuant to Cal. Civ. Code section 1717.5;

E.    For an order enjoining Defendant Aje from continuing to engage in the unlawful conduct and practices described herein;

F.    That the Court awards equitable monetary relief, including restitution and disgorgement of all ill-gotten gains, and the imposition of a constructive trust upon, or otherwise restricting the proceeds of Defendant Aje's ill-gotten gains, to ensure that Plaintiff and proposed class members have an effective remedy;

G.    That the Court awards pre-judgment and post-judgment interest at the legal rate;

H.    Imposition of a constructive trust to prevent unjust enrichment and to compel the restoration of property (money) to Plaintiff and the Class which Defendant Aje acquired through fraud.

I.    That the Court orders appropriate declaratory relief; and

J.    That the Court grants such other and further as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all claims so triable.

Dated:      May 26, 2026         **DOGRA LAW GROUP PC**

By: _____

Shalini Dogra
Attorneys for Plaintiff